## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2019, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Abner C. Robertson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 19, 2019

Court of Appeals Case No.
18A-CR-2936

Appeal from the Marion Superior
Court

The Honorable Jeffrey L. Marchal,
Magistrate

Trial Court Cause No.
49G06-1708-F3-28280

**Baker, Judge.**

[1] Abner Robertson appeals the trial court's denial of his motion to withdraw his guilty plea. Finding no error, we affirm.

## Facts

[2] Between July 25 and 26, 2017, Robertson became angry with L.M., who was the mother of his two children, because L.M. no longer wanted to be in a relationship with him. He punched L.M. in the eye, resulting in broken bones, loss of bone structure, and double vision in her right eye. The two children were present at the time of the assault. L.M. had to have surgery as a result of the altercation.

[3] On August 2, 2017, the State charged Robertson with multiple felony offenses and later added an allegation that he was an habitual offender. On August 13, 2018, Robertson entered into a plea agreement but later withdrew, so the trial court reset the matter for trial.

[4] On August 17, 2018, Robertson filed a motion to proceed pro se, which the trial court granted. The trial court also granted Robertson's motion for a continuance of the trial over the State's objection, and the trial was rescheduled for October 5, 2018.

[5] On October 3, 2018, Robertson pleaded guilty to Level 3 felony aggravated battery and admitted to being an habitual offender in exchange for the dismissal of the remaining counts. The trial court accepted the guilty plea and scheduled a sentencing hearing. Two days before the sentencing hearing, Robertson filed

a motion to withdraw his guilty plea and later filed a motion to proceed with counsel.

[6] The trial court granted Robertson's motion to proceed with counsel and held a hearing on Robertson's request to withdraw his guilty plea on November 8, 2018. The trial court denied the motion and sentenced Robertson to ten years, enhanced by six years for his status as an habitual offender, with nine years to be served in the Department of Correction, five years to be served in community corrections, and two years suspended to probation. Robertson now appeals.

## Discussion and Decision

[7] Robertson's sole argument on appeal is that the trial court erred by denying the motion to withdraw his guilty plea.

[8] After a guilty plea is entered but before the sentence is imposed, a defendant may move to withdraw his guilty plea for any fair and just reasons unless the State has been substantially prejudiced by its reliance upon the plea. Ind. Code § 35-35-1-4. The trial court shall grant the motion if the defendant proves by a preponderance of the evidence that the withdrawal is necessary to correct a manifest injustice, but absent such a showing, the decision to grant or deny the motion rests solely in the trial court's discretion. *Id.* In reviewing the trial court's ruling, which we must presume to be correct, we examine the statements made by the defendant at the guilty plea hearing to determine whether the plea was offered freely and knowingly. *Coomer v. State*, 652 N.E.2d

60, 62 (Ind. 1995). We will not reverse if the ruling was based on conflicting evidence. *Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000).

[9] Robertson argues that leading up to his guilty plea, he had filed multiple motions to compel discovery from the State and had requested a second continuance of the trial, which the trial court had not yet ruled on. According to Robertson, he pleaded guilty only because he had not received a substantial amount of evidence from the State and felt that he had no chance of succeeding at trial as a result.

[10] The trial court disagreed:

> At the guilty plea hearing [Robertson] asked many questions which the Court did its best to answer. At no point did he say he was missing discovery. At no point did he say he felt pressured or threatened to plead guilty. At no point did he ask me for additional time. At no point did he ask to discuss this matter with his standby counsel. I think this is simply a matter of he's changed his mind in the interim between the guilty plea and the sentencing hearing, and the Court is not going to allow him to withdraw from his plea.

Tr. Vol. II p. 39. Indeed, at the guilty plea hearing, Robertson stated that he was pleading guilty to the charges because he was guilty. *Id.* at 5.

[11] Given this record, we find that Robertson failed to show by a preponderance of the evidence that the withdrawal was necessary to correct a manifest injustice. We likewise find no error in the trial court's exercise of its discretion in denying the motion to withdraw.

[12]     The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.